## Mitchell JOHNSON and Mildred Mann GRIFFIN, d/b/a DALARK PACKAGE STORE v. ARKANSAS ALCOHOLIC BEVERAGE CONTROL BOARD et al

CA 82-114                                    642 S.W.2d 335

Court of Appeals of Arkansas
Opinion delivered November 24, 1982

*Eugene D. Bramlett* of *Brown, Compton & Prewett, Ltd.*, for appellants.

*Treeca J. Dyer,* for appellees.

LAWSON CLONINGER, Judge. A decision of the Alcoholic Beverage Control Board denied the application of appellants, Mitchell Johnson and Mildred Mann Griffin, d/b/a Dalark Package Store, for a retail liquor and beer permit to be located on Highway 7 near the Dalark community in Dallas County. The decision of the Board was affirmed by the Circuit Court of Dallas County.

For reversal, appellants contend that the Board's decision is not supported by substantial evidence and was arbitrary, capricious and an abuse of discretion. We find no merit to appellants' contention and we affirm.

The ABC Board Regulations, § 1.32, provides that no permit shall be issued for the following premises:

. . . .

(3) Any premise for which, in the judgment of the Director, adequate police protection is not available due to the remoteness of the location of the premises;

(4) Any premise for which the issuance of a permit would not in the judgment of the Director, promote the public convenience and advantage. . . .

In this case the relevant portion of the Board's findings was as follows:

. . . .

2. That the prosecuting attorney for the Thirteenth Judicial Circuit, Robert Laney, objected to this application stating that there was no law enforcement protection in the area.

3. That testimony revealed that the chief market area for an outlet at the proposed location would be the Arkadelphia area and testimony also revealed that the highway between Dalark and Arkadelphia is narrow and treacherous and it is found that it would be opposed

to the public safety and welfare to issue a permit at this location.

4. It is further found that an outlet at this location would create law enforcement problems both for Dallas County and Clark County by virtue of the fact that Dalark is in a rural area and is not regularly patrolled by the state police and sheriff's offices of the two respective counties.

5. That Dalark has a population of approximately 150 people and there is no sufficient public need for a retail liquor outlet at this location.

It is concluded from the above and foregoing findings that it would not be to the convenience and advantage of the public to issue the applied-for permits.

The ABC Board has broad discretionary power to "... determine whether public convenience and advantage will be promoted by issuing such permits . . .", Ark. Stat. Ann. § 48-301 (Repl. 1977), and a decision of the Board will be affirmed if supported by substantial evidence and if it is not arbitrary, capricious or an abuse of discretion. Ark. Stat. Ann. § 5-713 (Supp. 1981).

Appellants testified that the proposed liquor and beer outlet is designed to serve 3,000 residents who live in the western half of Dallas County, but they made no further effort to show that the public convenience and advantage would be promoted by the issuance of the permit. Dalark community is located on the county line between Dallas and Clark Counties, and the parties recognize that the market area for the proposed outlet would include part of Clark County, which has voted by local option to remain a dry county.

The objection to the granting of the permit registered by the prosecuting attorney for Dallas County on the grounds that there was inadequate law enforcement protection in the area of Dalark is supported by the evidence.

Testimony indicated that patrols of the Dallas County Sheriff's Department were infrequent, no more than once a week, and that the state police were in the area infrequently, perhaps not seen for a month at a time.

Evidence also indicated that 4,600 students attend Ouachita Baptist University and Henderson State University in Arkadelphia, only twelve miles from Dalark, and that the highway between Arkadelphia and Dalark is narrow and treacherous. A majority of those college students are under the age of 21, the legal age for purchasing alcoholic beverages, and that fact would dictate the need for regular police patrols. The remoteness of the area is an issue in this case as it was in *Copeland* v. *Alcoholic Beverage Control Board,* 4 Ark. App. 143, 628 S.W.2d 588 (1982).

We hold that there is substantial evidence to support the decision of the Board, and that there is no showing of an abuse of discretion.

Affirmed.

CORBIN, J., not participating.