FAYETTEVILLE SCHOOL DISTRICT NO. 1 et al
*v.* ALCOHOLIC BEVERAGE CONTROL BOARD et al

82-299                          648 S.W.2d 804

Supreme Court of Arkansas
Opinion delivered April 18, 1983

*Everett & Whitlock,* by: *John C. Everett,* for appellants.

*Donald R. Bennett,* for appellee ABC Board.

*Burke & Eldridge,* by: *John R. Eldridge, III,* for individual appellees.

GEORGE ROSE SMITH, Justice. In 1981 the principal appellee, Kathleen D. Burke, applied to the Alcoholic Beverage Control Board for permission to transfer her retail liquor outlet from its location in a shopping mall in Fayetteville to a new location on North Garland Avenue near the intersection of Highways 16 and 112. The application was opposed by the appellants — a school district and seven individuals — and by others who signed petitions opposing the application but did not otherwise participate in the proceedings. After a hearing the Alcoholic Beverage Control Board approved the transfer. This appeal from the circuit court's affirmance of the Board's decision was transferred to us under Rule 29 (1) (c). We affirm.

The appellants' main argument for reversal is that the Board's decision is not supported by substantial evidence. Ark. Stat. Ann. § 5-713 (h) (5) (Repl. 1976). The applicant's testimony and exhibits show that about 12,000 people live within a one-mile radius of the proposed site; there is no liquor store within that area, which is devoted to both residential and commercial uses; the two nearby highways have a total traffic count of about 20,000 vehicles a day; other liquor stores are closer to public schools than this one will be; and the University of Arkansas permits adult students to have alcoholic beverages in university housing. Twenty-four photographs show more than that many commercial buildings in the neighborhood, including filling stations, grocery stores, fast-food establishments, and various others. The school district's protest was presented by the principal

of a school that is about four tenths of a mile from the proposed site. She objected not so much to a liquor store as such but to any new business in the area, because increased traffic could be dangerous to pupils walking to school. The third witness who testified objected on those grounds and also the the presence of a liquor store a block and a half from his house.

The Board found that the proposed transfer would be to the "public convenience and advantage," statutory language not further defined. Ark. Stat. Ann. § 48-301 (Repl. 1977). The reference to the *public* convenience and advantage evidently means that the interest of the general public is to be considered, not merely that of the applicant. *See Gerst v. Cain,* 388 S.W.2d 168 (Tex., 1965). Even so, such general language unquestionably invests the Board with much discretionary leeway in deciding whether to approve an application such as this one. Since the record contains affirmative proof supporting the view of each side, we must defer to the Board's expertise and experience in cases of this kind. In that view there is substantial evidence to support the Board's decision.

The appellants' second argument is that the Board had no power to order a continuance on its own motion when an unforeseen question arose during the hearing. We think it fundamental that the Board's statutory duty to hold a public hearing, Section 48-311 (E), carries with it the implied authority to interrupt the hearing when it is reasonable to do so. "The law necessarily contemplates unavoidable contingencies, illness of parties and witnesses, and similar causes which make it just to grant continuances and unjust to refuse them." *Williams v. Buchanan,* 86 Ark. 259, 271, 110 S.W. 1024 (1908). In the absence of any explicit statutory prohibition of a continuance, the Board had the authority to act as it did.

We do not reach the appellants' third argument — that the Board's written decision did not include sufficient findings of fact — for the appellants have not abstracted the Board's decision.

Affirmed.