Charles R. SINGLETON, Director, et al. *v.* Harvey E. SMITH and BENEVOLENT PROTECTIVE ORDER OF ELKS LODGE NO. 1987

86-44                                              715 S.W.2d 437

Supreme Court of Arkansas
Opinion delivered September 15, 1986

*Donald R. Bennett*, for appellants.

*Murphy & Carlisle*, by: *Marshall N. Carlisle*, for appellees.

JOHN I. PURTLE, Justice. The Alcoholic Beverage Control Board (Board) levied a fine against the Elks Lodge, the holder of a private club permit, for violating the statute concerning advertisements in newspapers. Ark. Stat. Ann. § 48-955 (Repl. 1977). Pursuant to the Arkansas Administrative Procedure Act (APA), the appellee requested judicial review in the circuit court which reversed the decision of the Board. The appellant argues that the circuit court erred in finding the decision by the Board was not supported by substantial evidence. We hold that there was no substantial evidence to support the decision of the Board.

On October 14, 1984, advertisements appeared in two newspapers in Washington County. The advertisements announced that an organization known as "Ducks Unlimited" would hold a banquet at the Elks Lodge on October 17, 1984.

The ads listed a telephone number which could be called for additional information. Also, the sponsors of the ads were identified as name-brand beer distributors. The local Board enforcement officer mailed the ads to the Board. Subsequently a hearing was held before the Director who entered an order finding the appellee guilty of prohibited advertising. The order was appealed to the Board which held that there was substantial evidence to support the decision of the Director. No testimony was offered at the hearing before the Board.

At the hearing the parties stipulated that identical ads (except for the sponsors) appeared in the *Northwest Arkansas Times* and the *Springdale News*. The ads began "ATTENTION SPORTSMEN" and announced that the 12th annual "Ducks Unlimited" banquet would be held at the Fayetteville-Springdale Elks Lodge. About half of the ad displayed pictures of ducks in

flight and a large portion of the remainder listed door prizes. The only reference to alcoholic beverages was the names of the sponsors of the ads. The telephone number listed was not the telephone of the appellee or any of its employees. The violation report, dated October 18, 1984, charged Harvey Smith and the Elks (appellees) with the violations of advertising beer and advertising without the prescribed "Notice to Members."

At the administrative hearing two affidavits were introduced. Harvey Smith, agent for appellee, attested that neither he nor the Lodge had any notice or knowledge that the ads would run. Glen Goode, representing Ducks Unlimited, stated that he prepared, delivered and paid for the ads without the aid, knowledge or consent of the appellee. In reaching its decision, the appellant relied upon Board Regulation Section 1.79, which states:

> All acts of any servant, agent or employee of the Permittee shall be imputed to the permittee and deemed to be an act of the permittee if done within the scope of such servant, agent, or employee's scope of authority under the permittee.

The relevant section of the APA (Ark. Stat. Ann. § 5-713 (Supp. 1985)) provides that any person who considers himself injured in his person, business, or property by final agency action shall be entitled to judicial review upon petition to the circuit court and that the agency shall transmit to the court the entire record of the proceedings before the agency. The reviewing court may allow additional evidence to be taken if it is material and there is good reason for the failure to present the evidence at the agency hearing. The circuit court may affirm the agency decision, remand for further proceedings, or reverse or modify the decision "if the substantial rights of the petitioner have been prejudiced because the findings, inferences, conclusions, or decisions are: (1) in violation of constitutional or statutory provisions; (2) in excess of the agency's statutory authority; (3) made upon unlawful procedure; (4) affected by other error of law; (5) not supported by substantial evidence of record; or (6) arbitrary, capricious, or characterized by abuse of discretion."

By the express terms of the APA, the circuit court may reverse the agency decision if it is not supported by

substantial evidence of record. We have previously confirmed this statement of law in the case of *Arkansas Real Estate Commission* v. *Harrison,* 266 Ark. 339, 585 S.W.2d 34 (1979), wherein we stated:

> Upon review of the action of an administrative board or agency, the circuit court's review of the evidence is limited to a determination of whether there was substantial evidence to support the action taken, and upon appeal to this court, our review of the evidence is similarly limited. [Citations omitted.]

In *Woodyard, Comm'r* v. *Diversified Insurance,* 268 Ark. 94, 594 S.W.2d 13 (1980), we held that a decision by an administrative agency will be reversed if it is arbitrary or capricious or is not supported by substantial evidence. *Woodyard* expanded *Harrison* by discussing an additional statutory ground for reversing an agency decision. We reversed the circuit court decision, which had reversed the agency decision, in the case of *Ark. ABC Bd.* v. *King,* 275 Ark. 308, 629 S.W.2d 288 (1982). In *King* we stated:

> When reviewing administrative decisions, we review the entire record to determine whether there is any substantial evidence to support the administrative agency's decision, or was there arbitrary and capricious action, or was it characterized by abuse of discretion. [Citation omitted.]

We again addressed the standard of judicial review of decisions of administrative agencies in *Williams* v. *Scott, Director,* 278 Ark. 453, 647 S.W.2d 115 (1983). The principles governing judicial review of agency decisions were determined to be the same as those set forth in *Harrison, Woodyard* and *King.* In *Williams* we stated:

> An administrative agency, like a jury, is free to believe or disbelieve any witness. . . . We give the evidence its strongest probative force to support the administrative decision. . . . To establish an absence of substantial evidence to support the decision the appellant must demonstrate that the proof before the administrative tribunal was so nearly undisputed that fair-minded men could not reach its conclusion.

In the present appeal we think the trial court correctly

held that there must be substantial evidence to support the agency decision before it will be affirmed. No testimony was taken before the agency. Only the two newspaper ads and the two affidavits were presented to the Board. There was no evidence before the Board that the appellee or its agents, servants, or employees procured the newspaper advertisements. It is undisputed that "Ducks Unlimited" was solely responsible for the production and publication of the ads. There was no knowledge on the part of appellee that the ads were to be published. The Smith affidavit indicated that the appellee actually lost money on the banquet. The only basis for the Board's decision was that somehow or in some way the appellee must have known about the ads or they would not have been published.

There is no substantial evidence in the record to support the agency decision. Our standard of review, like that of the circuit court, is whether there is substantial evidence to support the agency decision. Under the circumstances and facts of this case we affirm the decision of the circuit court in reversing the decision of the administrative agency.

Affirmed.

HICKMAN, SMITH, and HAYS, JJ., dissent.

DARRELL HICKMAN, Justice, dissenting. The holder of a private club permit with the Arkansas Beverage Control Division is responsible for activities at the club and any action of its agent, servants or employees. Otherwise the rules and regulations of the ABC cannot be enforced.

There is no doubt that the Northwest Arkansas Ducks Unlimited had permission to use the club and placed the illegal advertisement. The Elks Club granted the permission and has to be responsible for the violation. One cannot lend its private club and disclaim responsibility; accountability has to be with the permit holder.

Rule 1.79 of the ABC Regulation provides:

> All acts of any servant, agent, or employee of the permittee shall be imputed to the permittee and deemed to be an act of the permittee if done within the scope of such servant, agent, or employee's scope of authority under the

permittee.

The Elks and Ducks Unlimited are respectable organizations, but private clubs which dispense alcoholic beverages have to be rigidly regulated. Those who seek liquor permits accept certain responsibilities which cannot be avoided; those who operate private clubs with a liquor permit do so with the knowledge that their acts and the use of the club are strictly regulated. The permit is a license, not a recognition of a right. The commission and board were clearly justified in this action. I would reverse the trial court.

GEORGE ROSE SMITH and HAYS, JJ., join in this dissent.