## R. T. EDWARDS *v.* ARKANSAS ALCOHOLIC BEVERAGE CONTROL DIV. BD., et al.

91-155                                      819 S.W.2d 271

Supreme Court of Arkansas
Opinion delivered November 18, 1991

*Ronald E. Bumpass,* for appellant.

*Donald R. Bennett,* for appellee Arkansas Alcoholic Beverage Control Board; and *Charles R. Singleton* and *Larry D. Douglas,* for appellee Rudy Leach and others.

JACK HOLT, JR., Chief Justice. The appellant, R. T. Edwards, applied to the Arkansas Alcoholic Beverage Control Division (ABC) to transfer his retail liquor and beer permits from Fayetteville, Arkansas, to County Road 397, which is adjacent to U.S. Highway 412, in Springdale Township, Arkansas. Mr. Edwards' retail liquor store in Fayetteville had been destroyed by fire.

The Director of the ABC denied Mr. Edwards' request to transfer, and the ABC Board upheld the denial. Rudy Leach and Eunice Leach were allowed to intervene, on behalf of residents opposing the application, when Mr. Edwards appealed to circuit court. The circuit court affirmed the Board's decision, and Mr. Edwards now appeals contending the Board's decision was arbitrary and capricious, an abuse of discretion, and not supported by substantial evidence. In addition, Mr. Edwards claims the ABC Director and Board have entered into a course of conduct that violates federal and state antitrust laws and denies him equal protection of the laws. Our jurisdiction is pursuant to Ark. Sup. Ct. R. 29(1)(c).

Arkansas Code Ann. § 25-15-212(h) (1987 and Supp. 1991), of the Arkansas Administrative Procedures Act, provides that the circuit court may reverse or modify the Board's decision if the decision was, among other things, "not supported by substantial evidence of record," or was "arbitrary, capricious, or characterized by abuse of discretion." Our review is similarly limited, and we review the decision of the Board, not that of the circuit court. *See Singleton* v. *Smith,* 289 Ark. 577, 715 S.W.2d

437 (1986); *Green House, Inc.* v. *Arkansas Alcoholic Beverage Control Div.* 29 Ark. App. 229, 780 S.W.2d 347 (1989).

█ Arkansas Code Ann. § 3-4-201(b) (1987 and Supp. 1991) states that the Board is empowered to determine "whether public convenience and advantage will be promoted by issuing the permits. . . ." ABC regulations set out a number of factors to be considered in making this determination, including the number and types of alcoholic permits in the area, economic impact, traffic hazards, remoteness of the area, degree of law enforcement available, input from law enforcement or other public officials in the area, and comments from area residents in opposition or support of the permit.

In this case the proposed site is located on a sharp curve of two-lane U.S. Highway 412, just before White Bridge, and borders on Beaver Lake. It is just over fifteen miles to the Washington County Sheriff's Department and approximately eight miles from the city limits of Springdale.

Hollis Spencer, a retired agent for the ABC Enforcement Division, submitted a written opinion that Mr. Edwards' permit should be denied based on the dangerous location of the proposed site, its proximity to the lake, the inability of law enforcement officials to police the area, opposition from area residents, and the fact that no material changes had occurred in the area since the last applications, for the same site, were denied by the Board.

Attorneys for the ABC Board and intervenors submitted a petition bearing some 264 names of residents in the surrounding area, indicating opposition to the proposed liquor store. The Board also considered a survey submitted by Mr. Edwards, in which residents expressed their support of the transfer. The Board found, however, that the survey did not actually reflect the views of all who live within the immediate area as it was not a radius survey and included only those residents living within one mile from the site, in a certain area. Letters from state legislators, advocating both sides, were also introduced.

█ Although we have said the number or official position of persons who object to, or support, the issuance of retail liquor permits is not significant under the statute, the *reasons* for the support or opposition may be very significant. *Green* v. *Carder,*

282 Ark. 239, 667 S.W.2d 660 (1984). As the circuit court noted, the "crux" of Mr. Edwards' problem in obtaining the transfer is probably the fact that the proposed site is located on lakefront property and is easily accessible to boaters. This concern was expressed by Hollis Spencer, two state legislators who represent residents of the area, and a witness who testified on behalf of residents in the surrounding area.

James Dudley lives in the log cabin Mr. Edwards' proposes to convert into the liquor store, and runs a boat storage facility next door. Mr. Dudley testified there was a large volume of traffic due to the boat storage and adjoining bait and tackle shop, and that he planned to double the boat storage units. Although Mr. Dudley testified the incline from the lake to the log cabin was very steep, photographs of the site indicate that there is a boat launch below the cabin and that access to the proposed store, from the lake, is quite feasible.

The sum of this evidence supports the Board's conclusion that "the primary purpose of [Mr. Edwards'] application is not necessarily to serve the people in the immediate area, but rather is to serve people who are using the Beaver Lake facilities."

The Board further noted that a number of previous applications had been made, concerning the same area, all of which had been denied, and that no changes had been made in the area to justify granting the transfer this time. Edwards argues the sole mention of the previous applications was by opposing attorney Larry Douglas; however, as the circuit court noted, the record reveals a number of other references to previous applications, including the testimony of Mr. Maggard, the owner of the log cabin and bait store, who stated he had applied and been rejected for a license in 1986.

The only recent changes to the area have been improvements in the widening of the highway shoulders and the installation of a stop sign on adjoining County Road 397. Mr. Edwards submitted a report from Larry Wood, Director of the Northwest Arkansas Regional Planning Commission, stating that in the future, Highway 412 would be expanded to four lanes and would be a significant east/west route. Presently, however, the only evidence indicating that "public convenience" would be served by the requested license transfer is the fact that the nearest liquor

store is seven miles away, and many of the area residents favor the transfer. These are valid considerations, and future highway developments may generate a need for Mr. Edwards' proposed store. However, the record before the Board contained evidence in support of both sides, and the question is not whether the testimony would have supported a contrary finding, but whether it supports the finding that was made. *Green* v. *Carder, supra.*

■ It is our responsibility to examine the entire record to determine if there was substantial evidence that would support the finding of the administrative agency. In doing so, we find the Board's action in refusing the transfer was not arbitrary or capricious and was, in fact, supported by substantial evidence.

Throughout his appeal of the Director's decision, Mr. Edwards has claimed that the reason for the denial of his application is the ABC's "conspiracy" to preserve the monopoly of liquor store ownerships held by Mr. Harold Hewitt. Mr. Hewitt controls seven of the eight liquor permits in Springdale Township, the closest of which is some seven miles from the proposed site. In addition, Mr. Edwards points to the fact that no new permits have been granted in that area for the past twenty years.

Mr. Edwards raises several arguments with regard to discovery and cross-examination on the issue of conspiracy, in addition to a claim that such conduct, on the part of the ABC, violates anti-trust laws and equal protection. We find it unnecessary to address these arguments, however, as they are irrelevant to a determination of whether the denial of the application was predicated on the fact that the proposed location was unsuitable for transfer of the license.

For the foregoing reasons, we affirm.