ARKANSAS ALCOHOLIC BEVERAGE CONTROL
BOARD *v.* Deborah MUNCRIEF

91-295                                            825 S.W.2d 816

Supreme Court of Arkansas
Opinion delivered February 24, 1992

*Donald R. Bennett*, for appellant ABC Board.

*Charles A. Yeargan*, for appellants Harvey and Shirley Janisse.

*Wood, Smith, Schnipper & Clay*, by: *Don M. Schnipper*, for appellee.

JACK HOLT, JR., Chief Justice. The appellant, Arkansas Alcoholic Beverage Control Board (Board), appeals from the Garland County Circuit Court's decision to overturn the Board's denial of a retail liquor store transfer requested by appellee, Deborah Muncrief. The application for transfer was initially denied by the Board Director. The case was certified to this court from the Arkansas Court of Appeals as it involves interpretation and construction of an administrative regulation. We reverse and remand the trial court's decision.

Ms. Muncrief currently owns and operates a retail liquor store located approximately 7.5 miles east of the Garland County line, outside of Pearcy, Arkansas. She seeks to transfer this store to a rural location within one quarter mile east of the county line, which borders a dry county. Ms. Muncrief testified, at the hearing before the Board, that most of her present customers come from the neighboring dry counties, and introduced a petition containing names and addresses of customers in favor of the transfer. Ms. Muncrief testified that she also sells liquor to private clubs located in the western dry counties and that she wanted to move the store in order to be more convenient for her customers.

Doug Harp, a former Director of the Arkansas State Police who now works as a security consultant, investigated Ms. Muncrief's current location and the proposed transfer site. He noted the current store is located 1.3 miles from Lake Hamilton School, which runs 33 buses and creates the greatest amount of traffic in the immediate area. The proposed location is 2.2 miles outside the Lake Hamilton school district and their buses do not run in that area. Both the present and proposed locations are located near curves; however, in Mr. Harp's opinion, the new location would provide better visibility for customers coming in and out of the store.

Clay White, Garland County Sheriff, submitted his approval of the proposed transfer, noting that he had received no complaints regarding the operation of Ms. Muncrief's present store, or any objections to the suggested relocation.

On the other hand, persons opposing the transfer submitted a petition with over 400 signatures, in addition to a number of letters voicing opposition to the new store. Primary concerns were that the store would generate more traffic and that entrance and egress at the proposed site would be hazardous. There was also concern the new location would be too distant from police service calls. One of the opponents, Mary Laribee, is a neighbor to the east of the proposed site, and opined that the store would increase traffic and possibly create problems with drunk drivers. Ms. Laribee conceded, however, that if the majority of Ms. Muncrief's customers lived west of the store the traffic would not affect her residence.

Shirley Janisse, who was allowed to intervene in the action, operates a beer-only package store eight-tenths of a mile to the east of the proposed location. She testified she opposed the transfer as she felt it would put her out of business.

After reciting its findings of fact, the Board concluded that "at the present time, there is no greater public convenience and advantage to be served by moving Ms. Muncrief's store." The trial court reversed this decision, finding it to be unsupported by substantial evidence, arbitrary, capricious, and characterized by an abuse of discretion. We disagree.

Ark. Code Ann. § 25-15-212(h) (1987) provides that the

trial court may reverse or modify the Board's decision if it is not supported by substantial evidence or is arbitrary, capricious, or characterized by abuse of discretion. Our review is similarly limited and, on appeal, we review the entire record in making this determination. *See Green* v. *Carder*, 282 Ark. 239, 667 S.W.2d 660 (1984); *Edwards* v. *Arkansas Alcoholic Beverage Control Div.*, 307 Ark. 245, 819 S.W.2d 217 (1991).

■ It is true Ms. Muncrief presented the Board with favorable evidence to support her request for a transfer to the proposed location. However, Ark. Code Ann. § 3-4-201(b) (1987) vests the Board with the power to determine whether "public convenience and advantage will be promoted" by granting the permits. In addition, Section 3-2-206 authorizes the Director of the Board to promulgate regulations to enforce its provisions, and grants the Director broad discretionary power to enforce such provisions.

■ The Board, in its original brief, relies in part on ABC Regulation section 1.32, covering the powers and duties of its Director and Board, to support its argument that under the facts presented to them, Ms. Muncrief is not entitled, by law or regulation, to a transfer of her license from her present location to other premises in Garland County. Courts take judicial notice of regulations of state agencies that are duly published. *Webb* v. *Bishop*, 242 Ark. 320, 413 S.W.2d 862 (1967). Section 1.32 provides:

> No permit shall be issued pursuant to an alcoholic beverage control law of the state of Arkansas for the following premises: . . . (4) Premise which will not promote public convenience and advantage. Any premise for which the issuance of a permit would not, in the judgment of the Director, promote the public convenience and advantage. In determining whether the issuance of a permit would promote the public convenience and advantage, the Director may consider, in addition to all other relevant factors, the number of permits issued in the general vicinity of the premises for which application has been made.

In its findings of fact, the Board stated it was not its responsibility to accommodate persons living in adjacent dry counties. It is Ms. Muncrief's position that in making this finding,

the Board erroneously refused to consider these residents. This issue is not the focus of our decision, however; nor was it, we believe, the focus of the Board's. Rather, the real issue is whether or not Ms. Muncrief's requested transfer, from her present location to a new location in Garland County, would *promote* public convenience and advantage for *all* residents in the area.

■ The term "public convenience" is not defined in our statutes; however, we noted in *Fayetteville School Dist. No. 1 v. Alcoholic Beverage Control Bd.*, 279 Ark. 89, 91, 648 S.W.2d 796, 797 (1983), that "reference to the public convenience and advantage evidently means that the interest of the general public is to be considered, not merely that of the applicant." While it may be true that relocating closer to the Garland County line would provide greater convenience for Ms. Muncrief and for the majority of her customers who come from nearby dry areas, those residents in the immediate "wet" community must also be considered. We quote with approval the words of the court of appeals: "We conclude that [public convenience and advantage] should not be restricted to a colloquial sense as synonomous with 'handy or easy of access' but construed in that sense which connotes suitable and fitting to supply the public needs to the public advantage." *Carder* v. *Hemstock*, 5 Ark. App. 115, 121 633 S.W.2d 384, 388 (1982).

■ A substantial number of people residing in the Garland County area indicated their opposition to the transfer through petitions and letters, and although we have said the number of persons who object to, or support, the issuance of retail liquor permits is not significant under the statute, the *reasons* for the support or opposition may be very significant. *Edwards* v. *Arkansas Alcoholic Beverage Control Div., supra.* The expressed concerns of increased traffic and accidents along the rural stretch of highway on which the new store would be located are legitimate ones.

■ The burden was upon Ms. Muncrief to demonstrate that the proof before the administrative tribunal was so nearly undisputed that fair-minded persons could not reach its conclusion. *See Green* v. *Carder, supra.* The record before us does not provide such a demonstration. As previously noted, the Board has much discretionary leeway in determining whether public conve-

nience and advantage will be promoted by issuing permits. *See* Section 3-2-206(d); ABC Regulation section 1.32, *supra; Dalark Package Store* v. *Arkansas Alcoholic Beverage Control Bd.*, 6 Ark. App. 366, 642 S.W.2d 335 (1982). Simply put, although Ms. Muncrief presented evidence indicating a transfer of her store would be more advantageous and convenient to that segment of the community living in nearby dry counties, she presented no such evidence with regard to the Garland County area residents as a whole. We cannot say the Board's finding that "at the present time, there is no greater public convenience and advantage to be served by moving Ms. Muncrief's store," was arbitrary, capricious, or characterized by abuse of the Board's discretion.

A second finding by the Board, in which it stated that since opposing area residents did not previously object to Ms. Janisse's beer permit, the current objections to Ms. Muncrief's store must be "of very more significant nature [sic] due to the type of operation proposed by Ms. Muncrief," is without basis in the record. The finding implies the store proposed by Ms. Muncrief, or the applicant herself, is unsuitable. On the contrary, Ms. Muncrief testified she had never been in violation of Board regulations and Sheriff White stated he had not received any complaints, over the years, regarding Ms. Muncrief's present operation. However, for the foregoing reasons, we reverse the trial court's decision and uphold the Board's denial of Ms. Muncrief's application.

Reversed and remanded with instructions consistent with this opinion.

CORBIN, J., dissents.

DONALD L. CORBIN, Justice, dissenting. Substantial evidence is more than a mere scintilla and means such evidence as a reasonable mind might accept as adequate to support a conclusion. *Fouch* v. *State, Alcoholic Beverage Control Div.*, 10 Ark. App. 139, 662 S.W.2d 181 (1983). I dissent because the Board's decision to deny Muncrief's transfer application lacks supporting evidence. The evidence introduced in opposition to Muncrief's application included the testimony of Shirley Janisse, a competing convenience store operator with a beer permit, who testified that Muncrief's proposed move would put her out of business

because Muncrief's proposed location would be closer to the "dry" county line than her convenience store, and the testimony of Mary Laribee, a witness residing directly east of Muncrief's proposed location, who testified that Muncrief's proposed new location would increase traffic congestion. The Board also received a petition with over 400 signatures opposing Muncrief's proposed transfer.

The testimony of Ms. Janisse is legally irrelevant since the Board does not issue or deny permits for the purpose of protecting the interests of presently licensed owners. *Fouch, supra.* The irrelevance of Janisse's testimony, combined with the total discreditation of the testimony regarding potential traffic problems, leaves no evidence to support the Board's denial of Muncrief's application. The majority correctly notes that the number of persons who object to the issuance of retail liquor permits is of no significance, yet the majority upholds the denial based on the discretionary leeway the Board has in determining whether public convenience and advantage will be promoted by the issuance of a permit. In the "findings of fact" promulgated by the Board in this case, the Board concluded that public convenience and advantage would not be served by Ms. Muncrief's proposed transfer because "public" does not refer to that portion of the public situated in dry counties. This interpretation is contrary to both the plain meaning of "public" and the interpretation this court set out in *Fayetteville School Dist. No. 1 v. Alcoholic Beverage Control Bd.*, 279 Ark. 89, 648 S.W.2d 804 (1983). The reference to the *public* convenience and advantage means that the interest of the *general public* is to be considered. As there is most certainly no law against persons in dry counties commuting to buy liquor and beer, no reasonable basis exists for the agency's bizarre limitation on the word "public." As I can find no evidence to support the Board's denial of Muncrief's transfer application, I would affirm the trial court.