

# ARKANSAS COURT OF APPEALS

DIVISION I
**No.** E-14-423

| | | |
|---|---|---|
| MERDET TERM | **Opinion Delivered** March 4, 2015 |
| APPELLANT | |
| V. | APPEAL FROM THE ARKANSAS BOARD OF REVIEW [NO. 2014-BR-00758] |
| ARTEE WILLIAMS, DIRECTOR DEPARTMENT OF WORKFORCE SERVICES AND CARGILL MEAT SOLUTIONS | |
| APPELLEES | AFFIRMED |

### RITA W. GRUBER, Judge

Appellant Merdet Term petitions for review of the Arkansas Board of Review's dismissal of her appeal as untimely. We hold there is substantial evidence to support the Board's conclusion and affirm.

In order to appeal a Department of Workforce Services determination, a claimant must file a written notice of appeal with the Appeal Tribunal or any office of the Department within twenty calendar days of the mailing date of the determination. Ark. Code Ann. § 11-10-524(a)(1) (Repl. 2012). If the appeal is not filed within the statutory time period, the appeal may still be considered timely if the late filing was the result of circumstances beyond appellant's control. Ark. Code Ann. § 11-10-524(a)(2).

On November 14, 2013, the Department mailed its determination denying appellant unemployment benefits on a finding that she had been discharged for misconduct connected

SLIP OPINION

with the work.  Appellant did not file an appeal until February 27, 2014.

Pursuant to Arkansas Code Annotated section 11–10–524(a)(2) (Repl. 2012) and *Paulino v. Daniels*, 269 Ark. 676, 679, 599 S.W.2d 760, 762 (Ark. App. 1980), the Appeal Tribunal conducted a hearing on March 20, 2014, to determine whether the untimeliness was out of appellant's control.  At the hearing, appellant explained through a translator that she could not read English.  She testified that sometime after receiving the November 14, 2013 mailing, she had gone to her local Department office for clarification and was informed that she had been denied benefits but was not told that she could file an appeal.  In her testimony, she stated that she did not remember what date she had gone to the local office.  The record does not contain any notation or documentation that she had contacted the Department at any time prior to the filing of her February 27, 2014 appeal.  The Tribunal concluded that appellant did not establish that the untimeliness was due to circumstances beyond her control and dismissed the appeal.  The Board affirmed.  The Board found that there was insufficient evidence to determine that she had visited the local office prior to the deadline for filing the appeal and that she waited approximately three months before seeking the advice of an attorney and filing her appeal.

In appeals of unemployment-compensation cases, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Coker v. Dir.*, 99 Ark. App. 455, 262 S.W.3d 175 (2007).  The findings of fact made by the Board are conclusive if supported by substantial evidence. *Id*.  Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. *Id*.  Even

SLIP OPINION

when there is evidence upon which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could have reasonably reached its decision based on the evidence before it. *Id.* Issues of credibility of witnesses and the weight to be afforded their testimony are matters for the Board to determine. *Bradford v. Director*, 83 Ark. App. 332, 338, 128 S.W.3d 20, 23 (2003). Reasons for late filing involve factual issues to be determined by the Board and not this court on appeal. *Johnsen v. Dir.*, 2012 Ark. App. 634, at 1–2.

The issue on appeal is whether appellant's untimely appeal to the Appeal Tribunal was the result of circumstances beyond her control. We hold that substantial evidence supports the Board's conclusion. The Board found that the evidence was insufficient to demonstrate that appellant had visited her local office. Although she testified that she had, appellant's credibility is a matter for the Board and not this court. *Bradford*, 83 Ark. App. at 338, 128 S.W.3d at 23. Moreover, even if the Board had believed that appellant had visited her local office, her testimony never indicated that she did so prior to the appeal deadline. The record reflects that appellant had until December 4, 2013, to file her appeal and did not do so until February 27, 2014. She did not explain her delay in seeking help and filing her appeal. We cannot say that the Board erred in finding that appellant did not prove her late appeal was due to circumstances beyond her control.

Appellant further argues that the Department's determination, which gave notice of her appeal rights, should have been written in her native language, Marshallese, rather than solely in English. She contends that not doing so violated her right to due process, equal protection,

and her civil rights under Title VI of the Civil Rights Act. Appellant failed to obtain rulings on both her argument under equal protection and her argument under the Civil Rights Act, which prevents our review on appeal. *See Barber v. Dir.*, 67 Ark. App. 20, 992 S.W.2d 159 (1999). At the hearing before the Appeal Tribunal, appellant did not present evidence to support her proposition that her right to due process had been violated. The Board of Review declined appellant's offer of additional evidence, finding that the record reflected "a reasonable opportunity at the hearing before the Appeal Tribunal, for the presentation of evidence on the issues controlling the substantial rights of the parties in this matter." In her petition to this court, appellant recites facts regarding the Marshallese population in Arkansas, the number of immigrants to the United States and Arkansas, and the costs of providing immigrants with bilingual notices. These facts are not reflected in the record. Based on the evidence before the Board, we hold that it could have reasonably concluded that appellant's right to due process was not violated

Affirmed.

VIRDEN and GLOVER, JJ., agree.

*Mary E. Goff*, Legal Aid of Arkansas, Inc., for appellant.

*Phyllis A. Edwards*, for appellee.

SLIP OPINION