SLIP OPINION   Cite as 2016 Ark. App. 397

# ARKANSAS COURT OF APPEALS

DIVISION II
**No.** E-15-594

|  |  |
|---|---|
| | **Opinion Delivered** September 14, 2016 |
| GABINO MERIDA<br>APPELLANT | APPEAL FROM THE ARKANSAS<br>BOARD OF REVIEW<br>[NO. 2015-BR–01841] |
| V. | |
| DIRECTOR, DEPARTMENT OF<br>WORKFORCE SERVICES<br>APPELLEE | AFFIRMED |

## BRANDON J. HARRISON, Judge

The Arkansas Board of Review (the Board) dismissed Gabino Merida's appeal as untimely, and he now appeals that decision, arguing that the Department of Workforce Services (the Department) violated federal law, due process, equal protection, state law, and public policy when it sent him a "Notice of Agency Determination" only in English, not Spanish, and that he should therefore be allowed a belated appeal. We affirm.

To aid workers who have lost their jobs because of import competition, the Trade Act of 1974 established a program of trade readjustment allowance (TRA) benefits as a supplement to state unemployment insurance benefits. 19 U.S.C. § 2291. Under the Act's scheme, a group of workers, their union, or some other authorized representative may petition the Secretary of Labor to certify that their firm has been adversely affected by imports. *Id.* §§ 2271–2273. If the Secretary of Labor issues a certificate of eligibility for

such a group, workers within that group who meet certain standards of individual eligibility may then apply for and receive TRA benefits.

Merida's employer, Superior Industries, was certified by the Department of Labor as being trade-affected on 18 August 2014. Merida applied for trade-adjustment assistance (TAA), which was one requirement to make him eligible for TRA benefits, but on 18 December 2014, he received a waiver from TAA-approved training because the training was not currently available. This waiver expired on 25 March 2015. In June 2015, Merida was denied TRA benefits because he was not enrolled in training within the required period.

Merida timely appealed this denial to the Appeal Tribunal, which affirmed the Department's denial of TRA benefits. The Appeal Tribunal's decision was issued on 31 July 2015, and Merida had twenty days from that date to file an appeal with the Board; however, Merida did not file his appeal until 26 August 2015, which was six days late.[1]

Pursuant to *Paulino v. Daniels*, 269 Ark. 676, 559 S.W.2d 760 (Ark. App. 1980), Merida was afforded a hearing to establish whether the delay in filing the appeal was due to circumstances beyond his control. In its decision, the Board explained,

> The claimant testified that his appeal to the Board was untimely filed because he had a friend translate the Appeal Tribunal decision from English to Spanish. He further testified that the friend who translated did not inform him that the appeal to the Board needed to be filed within 20 days of the mailing date of the Appeal Tribunal's decision. While unfortunate, this does not constitute a circumstance beyond the claimant's control for the untimely filing of his appeal. Had the claimant sought assistance from a

---

[1] The petition to the Board is file-marked September 10, but Merida testified that he filed the petition in person on August 26, and the Board's opinion states that his appeal was filed on August 26.

Department representative, he would have been made aware of the deadline for filing an appeal.

The Board dismissed Merida's appeal as untimely, and he has timely appealed the Board's decision.

We review the Board's findings in the light most favorable to the prevailing party and affirm the Board's decision if it is supported by substantial evidence. *Rodriguez v. Dir.*, 2013 Ark. App. 361. Substantial evidence is such relevant evidence that a reasonable mind might accept as adequate to support a conclusion. *Id.* Even when there is evidence upon which the Board might have reached a different decision, the scope of our review is limited to a determination of whether the Board reasonably could have reached the decision that it did based upon the evidence before it. *Id.* Issues of credibility of witnesses and weight to be afforded their testimony are matters for the Board to determine. *Ballard v. Dir.*, 2012 Ark. App. 371.

Merida argues that the Board's decision was not based on substantial evidence, because the Department failed to provide notice conveying the appeal deadline in Spanish in violation of federal law, due process, equal protection, state law, and public policy. Because of this violation, and Merida's "Limited English Proficiency" status, he argues that the appeal was filed late due to circumstances beyond his control.

Merida acknowledges that this argument was not raised below and likens this case to *Term v. Williams*, 2015 Ark. App. 144, 457 S.W.3d 291, in which the claimant argued, in part, that the Department's notice should have been written in her native language, Marshallese, and that failure to do so violated her rights to due process, equal protection, and her civil rights under Title VI of the Civil Rights Act. In *Term*, this court affirmed

the dismissal of Term's appeal because she had failed to present those arguments below. Merida distinguishes *Term*, however, by arguing that he "does not argue these theories on their merits" but instead "asserts that the foregoing sources of law establish that failure to provide notice to Merida in Spanish constituted a circumstance beyond his control."

Merida's attempt to distinguish *Term* is not persuasive. He concedes that he did not raise these arguments below, and this court does not consider issues raised for the first time on appeal. *Parham v. Dir.*, 2013 Ark. App. 362. Thus, we affirm the Board's decision.

Affirmed.

GLOVER and VAUGHT, JJ., agree.

*Annie Smith*, Civil Litigation & Advocacy Clinic, University of Arkansas School of Law, for appellant.

*Gregory Ferguson*, for appellee.