Cite as 2021 Ark. App. 462

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. E-21-43

|  |  |
|---|---|
| AMBERA L. PARKER<br><br>APPELLANT<br><br>V.<br><br><br><br>DIRECTOR, DIVISION OF<br>WORKFORCE SERVICES; AND<br>BAPTIST HEALTH FOUNDATION<br>APPELLEES | **Opinion Delivered** November 17, 2021<br><br>APPEAL FROM THE ARKANSAS<br>BOARD OF REVIEW<br>[NO. 2020-BR-01771]<br><br><br><br><br><br>AFFIRMED |

## LARRY D. VAUGHT, Judge

Ambera Parker appeals an adverse ruling of the Arkansas Board of Review (Board) adopting the Arkansas Appeal Tribunal's (Tribunal's) dismissal of her unemployment claim as untimely. Because there is substantial evidence to support the Board's decision, we affirm.

Parker began working for Baptist Health Foundation (Baptist) as a contract specialist on January 6, 2020, and she was terminated on March 6. She filed an application for unemployment-insurance benefits, and on July 28, the Division of Workforce Services (DWS) mailed its notice of agency determination denying her claim.[1] The determination stated that an appeal must be filed within twenty calendar days of July 28—the day the determination was mailed. Parker appealed the determination to the Tribunal. According to DWS's records, the appeal was filed on August 18, one day past the twenty-day deadline. In accordance with

---

[1]The agency found that Parker was discharged from her job because she willfully did not perform her work satisfactorily and that her actions were within her control and were against her employer's best interest.

Arkansas Code Annotated section 11-10-524(a)(2) (Supp. 2021) and *Paulino v. Daniels*, 269 Ark. 676, 679, 599 S.W.2d 760, 762 (Ark. App. 1980), the Tribunal set the matter for a hearing on November 18 to determine whether the untimeliness was beyond Parker's control.

At the hearing, Parker testified that she took several documents to DWS (she did not specify when she did this) and that she was later told that her documents had been misplaced and that she needed to resubmit them. She said that on August 18, she went to DWS and filed her appeal. She stated that she knew she had twenty days to appeal and that she believed her August 18 filing was timely because ten days from July 28 is August 8, and ten more days is August 18. When the hearing officer advised Parker that her calculation was incorrect because there are thirty-one days in July, Parker admitted that she did not consider that July has thirty-one days. In reference to her untimely filing, she stated that she did not use a calendar to calculate the deadline. She also stated, "I'm, like, a day late and a dollar short, but that was my fault . . . ." When the hearing officer advised Parker that DWS had mailed her a letter on November 7 stating her appeal was untimely, Parker testified that she had received many letters from DWS and had thrown some of them away because the letters all looked the same to her.

The Tribunal hearing officer took the matter under advisement. The following day, on August 19, the Tribunal issued a decision dismissing Parker's appeal finding that it was untimely and that Parker failed to show that the late filing was due to circumstances beyond her control.

Parker appealed the Tribunal's decision to the Board. On December 28, the Board found that the findings of fact and conclusions of law made by the Tribunal were correct, and the Board adopted the Tribunal's decision. Parker brings this appeal from the Board's decision.

In appeals of unemployment-compensation cases, we review the evidence and all reasonable inferences deducible therefrom in the light most favorable to the Board's findings. *Term v. Williams*, 2015 Ark. App. 144, at 2, 457 S.W.3d 291, 293. The findings of fact made by the Board are conclusive if supported by substantial evidence. *Id.*, 457 S.W.3d at 293. Substantial evidence is such evidence as a reasonable mind might accept as adequate to support a conclusion. *Id.*, 457 S.W.3d at 293. Even when there is evidence on which the Board might have reached a different decision, the scope of judicial review is limited to a determination of whether the Board could have reasonably reached its decision on the basis of the evidence before it. *Id.* at 2–3, 457 S.W.3d at 293. Issues of credibility of witnesses and the weight to be afforded their testimony are matters for the Board to determine. *Id.* at 3, 457 S.W.3d at 293. Reasons for late filing involve factual issues to be determined by the Board and not this court on appeal. *Id.*, 457 S.W.3d at 293.

In order to appeal a DWS determination, a claimant must file a written notice of appeal with the Tribunal within twenty calendar days of the mailing date of the determination. Ark. Code Ann. § 11-10-524(a)(1). If the appeal is not filed within the statutory time period, the appeal may still be considered timely if the late filing was the result of circumstances beyond appellant's control. Ark. Code Ann. § 11-10-524(a)(2).

DWS mailed its determination denying Parker unemployment benefits on July 28, 2020. Parker's appeal was due on August 17. However, the record reflects that she did not file her appeal until August 18, 2020. Therefore, substantial evidence supports the Board's decision that her appeal was untimely.

Parker claims her appeal to the Tribunal was timely filed on August 14. For support, she points to her written notice of appeal in which she requested an appeal of the DWS

3

determination; however, her notice is not dated. Further, it has a stamp on it that states it was received by the Tribunal on August 18, which is consistent with her testimony at the hearing that she filed her appeal on August 18.

Parker next argues that if her appeal was untimely, it was due to circumstances beyond her control. She contends that she hand-delivered her notice of appeal on August 14 and that an employee of DWS mistakenly marked it as having been received on August 18. She contends that this was a clerical error by a DWS employee—a circumstance beyond her control.

But at the hearing Parker did not testify that she hand-delivered her appeal on August 14 and that an employee of DWS mistakenly marked it as having been received on August 18. Instead, she testified that she thought she had timely filed the appeal on August 18. She explained how she calculated the August 18 due date. She admitted that she did not use a calendar to calculate when her appeal was due and that she calculated the time in her head. Significantly, she admitted at the hearing that her calculation was incorrect and that it was her fault that her appeal was untimely. We further note that Parker conceded she had received many letters from DWS and had thrown some of them away. She stated, "[I]f I would have opened my mail and read it—this is the second time this has happened to me, that I didn't open my mail and read it." This is substantial evidence to support the Tribunal's conclusion that Parker did not establish that the untimeliness was due to circumstances beyond her control.

Parker next argues that the Tribunal hearing officer failed to record all the testimony she presented at the hearing; therefore, evidence she presented at the hearing to support her position that her appeal is timely—or, alternatively, that it was untimely due to circumstances

4

beyond her control—is not in the transcript and was not considered by the Tribunal. More specifically, Parker argues that at the precise time in which she testified that she hand-delivered her notice of appeal to DWS on August 14, the hearing officer had stopped recording the hearing.

We cannot reach the merits of this argument because Parker did not raise it below—her first complaint about it is on appeal. This court does not consider issues raised for the first time on appeal. *Rossini v. Dir.*, 81 Ark. App. 286, 288, 101 S.W.3d 266, 268 (2003).

Parker's final argument on appeal is an extension of her third argument. She argues that because the hearing officer stopped the recording and the transcript is incomplete, the Board should have scheduled an additional hearing to afford her the opportunity to present her testimony that she timely hand-delivered her appeal on August 14. We cannot address the merits of this argument either because Parker did not raise it below. This court does not consider issues raised for the first time on appeal. *Rossini*, 81 Ark. App. at 288, 101 S.W.3d at 268.

In light of our standard of review and the record before us, we hold that substantial evidence supports the Board's decision and affirm.

Affirmed.

VIRDEN and GLADWIN, JJ., agree.

*Bruce D. Anible*, for appellant.

*Joe D. Woodward*, for appellee Director, Division of Workforce Services.

5