Cite as 2022 Ark. App. 16

# ARKANSAS COURT OF APPEALS

DIVISION I

**No.** E-21-91

| | |
|---|---|
| THOMAS ROLLINS | **Opinion Delivered** January 12, 2022 |
| APPELLANT | APPEAL FROM THE ARKANSAS BOARD OF REVIEW |
| V. | [NO. 2021-BR-00016] |
| DIRECTOR, DIVISION OF WORKFORCE SERVICES | |
| APPELLEE | AFFIRMED |

## WAYMOND M. BROWN, Judge

Appellant Thomas Rollins appeals an adverse ruling of the Arkansas Board of Review (Board) adopting the Arkansas Appeal Tribunal's (Tribunal's) dismissal of his claim for unemployment benefits as untimely. Because substantial evidence supports the Board's decision, we affirm.

Rollins, who was self-employed in Colorado when the COVID-19 pandemic began, filed for pandemic unemployment assistance (PUA) due to the losses his event-based business suffered during the pandemic. Initially, Rollins filed, and was approved, for PUA in Colorado where his business and residence were located. However, because he was relocating back to Arkansas where he owned a home, Rollins filed a PUA claim in Arkansas. The Tribunal denied benefits under § 2102(a)(3) of PL 116-136 on finding that Rollins was ineligible to receive pandemic unemployment insurance because he was not a covered individual. *See* Coronavirus Aid, Relief, and Economic Security Act, Pub. L. No. 116-136,

§ 2102(a)(3), 134 Stat. 281 (2020). Rollins then filed an untimely appeal; yet, pursuant to Arkansas Code Annotated section 11-10-524(a)(2)[1] and *Paulino v. Daniels*,[2] he was afforded a hearing to determine whether the untimeliness was due to circumstances beyond his control. Following the December 7, 2020 hearing, the Tribunal dismissed Rollins's appeal, finding that the untimeliness was not out of his control.

Rollins appealed the Tribunal's decision to the Board. On February 9, 2021, after considering the entire record of prior proceedings before the Tribunal, the Board concluded that the decision made by the Tribunal was correct as to both the findings of fact and the conclusions of law and therefore adopted the Tribunal's decision. Rollins now brings this appeal from the Board's decision.

This court affirms the Board of Review when its decision is supported by substantial evidence.[3] Substantial evidence is such relevant evidence as reasonable minds might accept as adequate to support a conclusion.[4] We review the evidence and all reasonable inferences in the light most favorable to the Board's findings.[5] Even if the evidence could support a different decision, our review asks whether the Board could have reasonably reached its decision based on the evidence presented.[6] Issues of credibility of witnesses and the weight

---

[1](Supp. 2021).

[2]269 Ark. 676, 559 S.W.2d 760 (Ark. Ct. App. 1980).

[3]*Allen v. Dir.*, 2014 Ark. App. 233, 434 S.W.3d 384.

[4]*Id.*

[5]*Id.*

[6]*Id.*

to be afforded their testimony are matters for the Board to determine.[7]  Reasons for late filing involve factual issues to be determined by the Board and not this court on appeal.[8]

Arkansas Code Annotated section 11-10-524(a) provides:

(1) The claimant, the Director of the Division of Workforce Services, or any other party entitled to notice may appeal a determination made by the agency by filing a written notice of appeal with the appeal tribunal or at any office of the Division of Workforce Services within twenty (20) calendar days after the mailing of the notice to his or her last known address, or if the notice is not mailed, within twenty (20) calendar days after the date of delivery of the notice.  If mailed, an appeal shall be considered to have been filed as of the date of the postmark on the envelope.

(2) However, if it is determined by the appeal tribunal or the Board of Review that the appeal is not perfected within the twenty-calendar-day period as a result of circumstances beyond the appellant's control, the appeal may be considered as having been filed timely.

The notice of determination of entitlement notifying Rollins that he is a noncovered individual and ineligible for PUA was mailed to him on July 27, 2020, to an address in Gravette, Arkansas.  Rollins filed his appeal on August 29, which was outside the twenty-day time frame within which to file a timely appeal.  While Rollins confirmed the Gravette address as his correct mailing address, he denied receiving the notice.  Rollins indicated that when the notice was mailed, he actually resided in Colorado, yet the notice was not received at that address, which he admittedly failed to provide to DWS.

---

[7] *Term v. Williams*, 2015 Ark. App. 144, 457 S.W.3d 291.

[8] *Id.*

To the extent that Rollins argues DWS offered no proof that the notice was actually mailed, he failed to raise this argument before the administrative agency; therefore, it is not preserved for our consideration.[9]

Although Rollins denies receiving the notice, it has been held that "a mere denial that a properly mailed letter was not received is not sufficient, as a matter of law, to rebut the presumption; it simply leaves the question of receipt to the [fact-finder]."[10] The administrative agency is free to believe or disbelieve any witness as the trier of fact.[11] Furthermore, in appeals from agency decisions, evidence is given the strongest probative force to support the administrative decision.[12]

When an untimely appeal is filed, a claimant is afforded a hearing to demonstrate that the untimely filing was due to circumstances beyond the claimant's control.[13] In this case, Rollins failed to do so. He testified that when the notice was mailed to the Gravette, Arkansas, address, he was residing in Colorado at an address he failed to provide to DWS. Rollins could not receive mail at an address where he did not live or at an address that he did not provide for mailing purposes. Moreover, Rollins stated that third-party tenants lived at the Gravette address, and he alleged that they stole his mail. Sending important

---

[9]*See Rossini v. Dir.*, 81 Ark. App. 286, 101 S.W.3d 266 (2003).

[10]*Swink & Co. v. Carroll McEntee & McGinley, Inc.*, 266 Ark. 279, 584 S.W.2d 393 (1979).

[11]*Singleton v. Smith*, 289 Ark. 577, 715 S.W.2d 437 (1986).

[12]*Id.*

[13]*Paulino, supra.*

4

documents to an address where other parties could intercept or steal them does not amount to circumstances beyond Rollins's control. In fact, it is exactly the opposite. Rollins could easily have provided DWS with the address where he physically resided so that he could receive the notice, not merely the address to a house he owned but did not occupy.

Accordingly, viewing the evidence in the light most favorable to the Board's findings as we are required to do, we hold that substantial evidence supports the Board's decision and affirm.

Affirmed.

HARRISON, C.J., and VAUGHT, J., agree.

*Matthews, Campbell, Rhoads, McClure & Thompson, P.A.*, by: *Sarah L. Waddoups*, for appellant.

*Joe D. Woodward*, for appellee.