IN THE MATTER OF THE Anna Flippin LONG TRUST, Susanna Holk Neal *v.* Thomas Flippin HOLK, Jr., a Minor

93-447                                                         864 S.W.2d 869

Supreme Court of Arkansas
Opinion delivered November 15, 1993

*James A. McLarty, III*, for appellant.

*Dick Johnston*, for appellee.

ROBERT H. DUDLEY, Justice. In 1977 Anna Flippin Long executed a will which contained a testamentary trust. She died in October of 1980, and her will was admitted to probate in November of 1980. Sometime afterwards, the executor of the will distributed the estate assets to the trustee. The trustee, the First National Bank of Wynne, has administered the trust for some years and has made distributions in accordance with its understanding of the testamentary trust instrument. A dispute arose between the trustee and a beneficiary of the trust involving the construction and interpretation of the trust instrument. The beneficiary, Susanna Holk Neal, filed suit in probate court for a declaratory judgment to construe the trust. Answers were filed in the probate court by the trustee and others. The probate court, by declaratory judgment, construed the trust instrument. Susanna Holk Neal appeals. We reverse and remand for transfer to chancery court because the probate court was without jurisdiction to interpret the trust instrument.

We have long written that the construction, interpretation, and operation of trusts are matters within the jurisdiction of the courts of equity. *Ex Parte Conway*, 4 Ark. 302 (1842). In *Spradling* v. *Spradling*, 101 Ark. 451, 455, 142 S.W. 848, 850 (1911), we wrote:

> Courts of equity have inherent and exclusive jurisdiction over all kinds of trusts and trustees. They have

full and complete jurisdiction of trusts independently of statute, whether the same arise by express declaration and agreement, or result by implication of law.

Probate court does not have jurisdiction over the construction of trusts. Most recently, in *Clement* v. *Larkey*, No. 93-226, slip op. at 3 (Ark. October 25, 1993), we wrote, "[N]either the Arkansas Constitution nor Ark. Code Ann. § 28-1-104 (1987) confers on probate courts jurisdiction to administer a trust created by a will. *See Alexander* v. *Alexander*, 262 Ark. 612, 561 S.W.2d 59 (1978)." A probate court is a court of special and limited jurisdiction and has only such jurisdiction as is conferred by the constitution and statutes, or necessarily incidental to the exercise of the jurisdiction and powers specifically granted. *Carpenter* v. *Logan*, 281 Ark. 184, 186, 662 S.W.2d 808, 810 (1984).

In summary, the probate court did not have subject matter jurisdiction to construe or interpret the trust instrument in this case. Accordingly, we must reverse and remand for the probate court to transfer to chancery court. The remand of this case might appear to be a vain and useless act, but the chancellor might rule on the admissibility of some evidence that was not ruled on in the case now on appeal, causing the result to be different.

Reversed and remanded.

CORBIN, J., not participating.