Mary THOMAS as Guardian of the Person and
the City National Bank as Guardian of the Estate of
Guy Thomas and Mary Thomas in Her Own Right
*v.* ARKANSAS DEPARTMENT OF HUMAN SERVICES

94-1108                                            894 S.W.2d 584

Supreme Court of Arkansas
Opinion delivered March 13, 1995

*Harper, Young. Smith & Maurras, P.L.C.*, by: *S. Walton Maurras*, for appellants.

*Richard B. Dahlgren*, Office of Chief Counsel, for appellee.

ROBERT L. BROWN, Justice. This case involves the issue of whether a trust created to administer certain settlement proceeds for Guy Thomas is a Medicaid Qualifying Trust. The appellee, Arkansas Department of Human Services, concluded that it was, and the circuit court affirmed the DHS order following a petition for judicial review. We find no basis to reverse the DHS decision, and we affirm.

On May 12, 1987, Guy Thomas was injured on his job. On April 18, 1989, appellant City National Bank was appointed guardian of the estate of Guy Thomas and appellant Mary Thomas, who was Guy Thomas's wife, was appointed guardian of the person. Though it is not entirely clear from the record in this case, Guy Thomas apparently worked for Tyson Foods, Inc. and filed a Workers' Compensation claim against that firm. He also instituted litigation against other defendants as a result of the accident. On November 17, 1992, the Johnson County Probate Court, which was administering the guardianship, authorized the Bank to settle Thomas's claims. Mary Thomas received $50,000 as part of the settlement, and on December 21, 1992, Tyson Foods entered into a Trust Agreement with the Bank and created a trust (the "Guy Thomas Trust") for the benefit of Guy Thomas. In the Trust Agreement, Tyson Foods was designated as the grantor of the trust, and the Bank was named the sole Trustee. Tyson Foods paid $270,000 into the trust as its *res*.

The Trust Agreement reads in pertinent part:

2. <u>PURPOSE OF TRUST</u>. This trust is established to meet the special or supplemental needs of Guy Leon Thomas, hereinafter called Primary Beneficiary. It is anticipated that the primary source of Primary Beneficiary's

medical, custodial and financial support shall come from governmental assistance, including Medicaid.

3. DISPOSITIVE PROVISIONS.

. . . .

(a) During the lifetime of Primary Beneficiary, the Trustee shall pay to or apply for the benefit of Primary Beneficiary, such of the income and principal of the Trust Estate as the Trustee determines in its sole discretion is necessary for the reasonable comfort and happiness of Primary Beneficiary, but not for his food, clothing or shelter. The Trustee shall take into account the availability of government benefits in making expenditures and shall not make expenditures that will disqualify Primary Beneficiary from such benefits.

Mary Thomas is the Secondary Beneficiary under the Trust Agreement and will fall heir to the trust income after the death of Guy Thomas, if they remain married until his death.

On December 23, 1992, Mary Thomas applied for Medicaid Long Term Care Assistance on behalf of Guy Thomas, who was residing at the time in Countryside Manor Nursing Home. The application was denied on February 10, 1993, due to a lack of sufficient background information establishing eligibility. On May 11, 1993, she filed a second application for Medicaid benefits, which was denied by DHS on July 6, 1993, due to "excess resources" occasioned by the Guy Thomas Trust. Mary Thomas appealed both decisions and requested an administrative hearing.

On September 22, 1993, as a result of a petition by Mary Thomas, individually and as guardian, and the Bank, as guardian, the Johnson County Probate Court entered an order finding that the Guy Thomas Trust could not be used to pay for the medical, custodial, and financial expenses of Guy Thomas. The probate court ordered the Trustee not to use trust income or corpus for such purposes or for any purpose that would render Medicaid benefits unavailable.

On November 23, 1993, DHS denied Guy Thomas Medicaid assistance, following an administrative hearing, on grounds of "excess resources" and issued its Final Order. DHS stated that

the reason for the denial was his beneficiary status in the Guy Thomas Trust which had an appointed Trustee that had full discretion to use the funds on Thomas's behalf. Mary Thomas, individually and as guardian, and the Bank, as guardian, petitioned for judicial review of this decision in Johnson County Circuit Court. The circuit court affirmed the DHS decision.

Mary Thomas and the Bank now appeal on the basis that the DHS decision was in violation of constitutional and statutory authority and was arbitrary, capricious, and characterized by an abuse of discretion. *See* Ark. Code Ann. § 25-15-212(h)(1) and (6) (Repl. 1992). We do not agree. Review of administrative agency decisions both by the circuit court and by this court on appeal is limited in scope. *Arkansas Bank & Trust Co.* v. *Douglass*, 318 Ark. 457, 885 S.W.2d 863 (1994); *Douglass* v. *Dynamic Enterprises, Inc.*, 315 Ark. 575, 869 S.W.2d 14 (1994). The review by this court is directed not to the decision of the circuit court but to the decision of the administrative agency. *Arkansas Bank & Trust Co.* v. *Douglass, supra.* The construction of a state statute by an administrative agency is not overturned unless it is clearly wrong. *Id.* Finally, the evidence is given its strongest probative force in favor of the agency's ruling, and we do not reverse an agency decision when there is substantial evidence to support it. *Id.*

With these stringent standards in mind, we turn to the decision reached by DHS in its Final Order in this matter. In its conclusions, DHS alluded to Section 1(b) of Act 1228 of 1993, now codified at Ark. Code Ann. § 28-69-102(b) (Supp. 1993), which mandates that trusts which limit the availability of trust income and principal to the beneficiary in order to qualify that person for Medicaid benefits are void as against public policy. The DHS conclusions also refer to several state regulations regarding Medicaid eligibility:

> 5. Medical Services Policy 3332.2 #13a states a Medicaid Qualifying Trust is a trust or "similar legal device" established by an individual (or his spouse) who is the beneficiary of the trust and who gives a trustee any discretion for use of the trust funds.

> 6. Medical Services Policy 3332.2 #13a also states if an individual is not legally competent and a trust is estab-

lished for the individual by a guardian or legal represen-
tative, using the individual's assets, the trust will be treated
as having been established by the individual, since he could
not do it for himself.

7. Medical Services Policy 3332.2 #13a also states
with a Medicaid Qualifying Trust, consider as a resource
to the beneficiary (for eligibility purposes) the maximum
amount that a trustee could disburse if he exercised his full
discretion allowed under the terms of the trust; this amount
is deemed available to the individual, whether or not the
distribution is actually made.

The DHS then reached the following decision:

It is also the decision of the Appeals and Hearings
Officer that the County Office acted correctly and in accor-
dance with current Medical Services Policy when it denied
the second Medicaid LTC application of Mr. Thomas, due
to excess resources. Mr. Thomas is the beneficiary of a
trust with an appointed trustee who has full discretion for
use of the trust funds, according to the original trust doc-
ument. Therefore, according to MS 3332.2 the trust assets
would be countable as a resource to Mr. Thomas, and the
available evidence establishes that the funds in the trust
would exceed Mr. Thomas' eligibility limit. An Order filed
in the Probate Court of Johnson County in September, 1993
prohibited the use of funds in the trust account for Mr.
Thomas' medical care; however, Act 1228 voids this pro-
vision of the Order. Therefore, the decision to deny Mr.
Thomas' second Medicaid LTC application was determined
to be appropriate.

The appellants urge two reasons why the DHS decision runs
counter to state law and constitutes an abuse of discretion. They
first contend that the Bank had no discretion to use trust resources
for Guy Thomas's medical, custodial, and financial support or
for any purpose that would disqualify him from government ben-
efits, including Medicaid, under the terms of the Trust Agree-
ment. Discretion in the trustee is required by Ark. Code Ann.
§ 28-69-102(a)(1) (Supp. 1993). The appellants further point to
the Johnson County Probate Court's order that prevented dis-
pensing of trust resources for such prohibited purposes. And,

finally, they argue that Ark. Code Ann. § 28-69-102(b) was intended only to prohibit a diversion of trust income in order to qualify for Medicaid assistance once a beneficiary becomes sick and applies for such assistance and does not prohibit a limit on the trustee's application of trust funds for medical or custodial assistance from the inception of the trust.

■ We begin by noting that the Bank as Trustee does have "sole discretion" over payment of trust funds for Guy Thomas's benefit with the proviso that no expenditures should be made which disqualified Thomas from government assistance. That limitation, though, is in direct contravention of the public policy expressed in Ark. Code Ann. § 28-69-102. *See Arkansas Dep't of Human Servs.* v. Walters, 315 Ark. 204, 866 S.W.2d 823 (1993). That statute states in pertinent part:

> (b)  A provision in a trust, other than a testamentary trust, which limits the availability of, or provides directly or indirectly for the suspension, termination, or diversion of the principal, income, or beneficial interest of either the grantor or the grantor's spouse in the event that the grantor or grantor's spouse should apply for medical assistance or require medical, hospital, or nursing care of long-term custodial, nursing, or medical care shall be void as against the public policy of the State of Arkansas without regard to the irrevocability of the trust or the purpose for which the trust was created and without regard to whether the trust was created pursuant to court order.

> (c)  This section is remedial in nature and is enacted to prevent individuals otherwise ineligible for medical assistance benefits from making themselves eligible by creating trusts in order to preserve their assets.

The Emergency Clause of Act 1228 of 1993, which is codified in part at Ark. Code Ann. § 28-69-102, further states:

> [T]he Medicaid eligibility laws of this state are in immediate need of amendment to . . . assure that otherwise ineligible individuals are prevented from artificially impoverishing themselves to receive benefits to which they are not otherwise entitled and to facilitate recovery of improperly obtained benefits and assure the fiscal integrity of the funds

appropriated for Medicaid and this Act is necessary to accomplish that purpose.

■■ The Guy Thomas Trust without question limits the availability of trust income and principal for purposes that Medicaid benefits would cover. Whether the limitation in the trust is in effect before the beneficiary applies for Medicaid assistance or occurs at the time of application for that assistance is of no significance under the statute. The provisions of the Guy Thomas Trust relating to the safeguarding of government benefits run afoul of the public policy of this state as expressed in § 28-69-102, and for that reason, they are void and unenforceable. In addition, the order of the Johnson County Probate Court is of little avail to the appellants. The probate court is clearly without jurisdiction to interpret a trust instrument. *See In the Matter of Long Trust* v. *Holk*, 315 Ark. 112, 864 S.W.2d 869 (1993). Because the limit on trustee discretion is unenforceable under Ark. Code Ann. § 28-69-102 and because the probate court order has no effect, the discretion in the Bank as trustee to apply trust resources for Guy Thomas's benefit is comprehensive. There is no basis for reversing the DHS decision on this point.

■ Secondly, the appellants urge that because neither Guy Thomas nor Mary Thomas acted as grantor of the trust and because Tyson Foods did, § 28-69-102 does not apply. The appellants are correct that certain sections of the statute do contemplate the beneficiary and the grantor of the trust being one and the same person. *See* Ark. Code Ann. § 28-69-102(a)(1) and (b) (Supp. 1993). At the same time, the definition of "Grantor" under the statute is more expansive and does include an "individual, institution, or entity" as well as "fiduciaries" and "third parties." Ark. Code Ann. § 28-69-102(a)(2) (Supp. 1993). But even if we accept the fact that the statute has specific reference to grantors who establish trusts in order to facilitate their own eligibility for Medicaid assistance, the public policy behind the Act is absolutely beyond dispute — trusts may not be created and used as devices to sequester resources for the purpose of qualifying individuals otherwise ineligible for Medicaid assistance. Ark. Code Ann. § 28-69-102(b) (Supp. 1993); *see also Arkansas Dep't of Human Servs.* v. *Walters, supra.* In *Walters*, we highlighted the fact that the General Assembly had voided provisions in such trusts "to stop chicanery and to preserve the fiscal integrity of the Medic-

aid program." 315 Ark. at 212, 866 S.W.2d at 826-827. We further held in *Walters* that § 28-69-102, which was enacted by Act 1228 of 1993, had retroactive application.

■   The appellants' contention that Tyson Foods's status as grantor takes this matter out from under § 28-69-102 does not withstand scrutiny. The settlement proceeds to meet Guy Thomas's medical and custodial needs ultimately belonged to Guy Thomas or to the guardian of his estate. We view Tyson Foods's role as the grantor of this trust as something of a guise, and we will not sanction such a device. Other jurisdictions have refused to enforce similar trust provisions directed at medical eligibility, when an entity other than the beneficiary has created the trust. *See, e.g., Barham* v. *Rubin*, 816 P.2d 965 (Hawaii 1991) (probate court created the trust as grantor); *Hatcher* v. *Department of Health and Rehabilitative Services*, 545 So.2d 400 (Fla. App. 1 Dist. 1989) (trust created by beneficiary's guardian). Indeed, were we to accept the appellants' arguments we would not only be thwarting the intent of the General Assembly as expressed in Act 1228, but we would also be reaching an indefensible result which we will not do. *See S.T and C.B.* v. *State*, 318 Ark. 499, 885 S.W.2d 885 (1994).

We conclude that Tyson Foods was clearly acting on behalf of and in the place of Guy Thomas when it created the trust and that the trust provisions are controlled by the dictates of Ark. Code Ann. § 28-69-102. There was no legal error or abuse of discretion on the part of the Department of Human Services.

Affirmed.