Travis HAMILTON and Holly Hamilton, Jimmy Martin and Dortha Martin, Gary Adair and Belinda Adair, Doyle Claypool and Anne Claypool, Thelbert Hamilton and Ima Hamilton, Sharon Hejna, and Douglas Martin *v.* ARKANSAS POLLUTION CONTROL & ECOLOGY COMMISSION

97-900                                        969 S.W.2d 653

Supreme Court of Arkansas
Opinion delivered May 28, 1998

*McMath, Vehik, Drummond & Harrison, P.A.* by: *Samuel E. Ledbetter,* for appellants.

*W. Martin Eisele, Jr.,* for appellee.

TOM GLAZE, Justice. This appeal is from the Yell County Circuit Court's decision, affirming the Arkansas Pollution Control & Ecology Commission's August 23, 1996 Minute Order No. 96-43, which granted Fred Hale's application and permit to operate a liquid animal-waste-disposal system designed to service a "nursery-pig" type hog farm. On March 26, 1993, the Commission had previously denied a similar application by Hale under Minute Order No. 93-34, but that application involved a "swine-finishing" or "adult" hog farm. On the same March 26, 1993 date, the Commission also entered Minute Order No. 93-55, which provided the Commission's decision denying Hale's application did "not bar any subsequent application by [Hale]." No one appealed either the 93-34 or the 93-55 order.

The appellants, concerned citizens and residents of the community where Hale's hog farm is to be situated, appeal the Commission's Order No. 96-43, which granted Hale's second application. Appellants assert that, in applying the doctrine of *res judicata* and collateral estoppel, the Commission's prior Minute Order No. 93-34 constituted an absolute bar to Hale's second action, since the second claim was the same as Hale's first.[1] In short, appellants argued before the Commission and on appeal to the circuit court that the Commission's earlier Minute Order No. 93-34, denying Hale's initial application, became final under Ark. Code Ann. § 8-4-213 (1993),[2] because Hale failed to appeal from

---

[1] Appellants had also contested Hale's first application.

[2] Section 8-4-213 provides as follows:

(a) If no appeal is taken from an order, rule, regulation, or other decision of the Arkansas Pollution Control and Ecology Commission as provided in Ark. Code Ann. §§ 8-4-222 – 8-4-229, or if the action of the commission is affirmed on appeal, then the action of the commission in the matter shall be deemed conclusive, and the validity and reasonableness thereof shall not be questioned in any other action or proceeding.

(b) However, this section shall not preclude the authority of the commission to modify or rescind its actions.

that order, and the doctrine of *res judicata* precluded Hale and the Arkansas Department of Pollution & Ecology from reopening the decision. The Commission, and the circuit court on appeal, rejected the appellants' contention. Appellants continue their same *res judicata* argument in their appeal to us. We affirm.

■ When reviewing administrative decisions, we uphold such decisions if they are supported by substantial evidence and are not arbitrary, capricious, or characterized by an abuse of discretion. Moreover, the appellate courts direct their review toward the agencies' decisions because such agencies are better equipped by specialization, insight through experience, and more flexible procedures than courts, to determine and analyze legal issues affecting their agencies. *See Enviroclean, Inc. v. Arkansas Pollution Control & Ecology Comm'n*, 314 Ark. 98, 858 S.W.2d 116 (1993). To be invalid as arbitrary or capricious requires that the Commission's decision lacks a rational basis or relies on a finding of fact based on an erroneous view of the law. *Id.*

■ In arguing the doctrine of *res judicata* prohibits the Pollution Control & Ecology Commission from considering whether to issue Hale a permit for a disposal system for the same location the Commission previously denied in Order 93-34, appellants cite *Gurley v. Mathis*, 313 Ark. 412, 856 S.W.2d 616 (1993). The *Gurley* holding, however, gives us little insight in resolving the instant dispute, other than the *Gurley* court's discussion of *res judicata* which was found inapplicable to the facts there. In short, the United States Environmental Protection Agency (EPA) brought suit against Gurley Refining Co. to enforce certain environmental actions provided for under the Comprehensive Environmental Response, Compensation and Liability Act (CERCLA). During the pendency of the federal action, the State Department of Pollution Control & Ecology resolved its differences with the EPA and the State Department and its Commission ordered the Gurley Refining site to be added to Congress's Remedial Action Trust Fund (RATF) Priority List. The State's action permitted it to expend monies from the State's Hazardous Substance Remedial Action Trust Fund to help pay for the monitoring and maintenance of the Gurley site. Gurley Refining Co. appealed the State's decision to add Gurley's waste site to the RATF Priority

List. The State Pollution Control & Ecology Commission argued Gurley's claims were barred by *res judicata*, since the federal district court ruled on the same issues as Gurley raised in its state appeal. Our court set out the rule that *res judicata* bars relitigation of a subsequent suit when (1) the first suit resulted in a final judgment on the merits, (2) the first suit was based upon proper jurisdiction, (3) the first suit was fully contested in good faith, (4) both suits involve the same claim or cause of action, and (5) both suits involve the same parties or their privies. *Id.* at 424. The *Gurley* court conceded that the federal district court decision did not bar Gurley's action because both actions did not involve the same parties or their privies, although some of the same issues had been previously litigated.

Appellants argue that *res judicata* does apply to the facts here because each of the five elements listed above are present. They submit that the Commission agrees that four of the foregoing elements exist, but disagrees that element four is present. Unlike the appellants, the Commission asserts Hale's second application involves a different claim than the one made in his first application.

We first should say that we agree that, when an administrative board or commission acts judicially or quasi-judicially, its decision may be *res judicata* in a second proceeding involving the same question. *See North Hills Memorial Gardens v. Simpson*, 238 Ark. 184, 381 S.W.2d 462 (1964); *Earp v. Benton Fire Dep't*, 52 Ark. App. 66, 914 S.W.2d 781 (1996). Our court has related, however, that it is not convinced that all the technical rules that make up the common-law doctrine of *res judicata* should apply with equal force to administrative proceedings. *Simpson*, 238 Ark. at 185, 381 S.W.2d at 464. In the way of explanation, the *Simpson* court stated the following:

> [A] decision at common law is conclusive not only of those matters that were actually litigated, but also of those questions that were within the issues and might have been explored. The rule ought not to apply to the decision of a law body such as the Cemetery Board. Rest Hill's original application was denied on one ground only. At the second hearing the board considered additional matters, including the accessibility of the Rest Hills

site, its beauty as compared to that of North Hills, and the various facilities that Rest Hills means to provide. A chapel, a mausoleum, and a crematory were included in the applicant's long-range plans. An important consideration is "the need or desirability from the public standpoint of the proposed cemetery." If there is really a need for the proposed cemetery, as the board found, then the public interest should not be thwarted merely because Rest Hills did not present all its available evidence at the first hearing. The plea of *res judicata* was correctly rejected.

238 Ark. at 186, 381 S.W.2d at 464. In accord with our rule in *Simpson*, other jurisdictions have held that *res judicata* will apply only if the second application is not supported by new facts, changed conditions, or additional submissions by the applicant. *See Thomson v. Dept. of Environmental Reg.*, 511 So.2d 989 (Fla. 1987); *see also Whelden v. Board of County Com'rs*, 782 P.2d 853 (Colo. App. 1989) (the doctrine of *res judicata* may be applied to an administrative proceeding in a proper case, but when substantial changes in facts or circumstances occur subsequent to the earlier hearing, the doctrine is not applicable).

Appellant's argument tends to ignore Order 93-55, which specifically directed that the Commission's Order 93-34 did not bar any subsequent application. Moreover, as mentioned earlier, appellants never appealed 93-55, perhaps because 93-55 appears consistent with Ark. Code Ann. § 8-4-213(b), which allows the Commission to modify or rescind its actions. Section 8-4-213(b), too, seems quite consistent with this court's declaration in *Simpson* that, in some circumstances, additional matters not previously considered could be offered in a second application.

The major error in appellants' argument is that they wish to diminish the fact that Hale's second application relates to a different business or operation, albeit located at the same proposed site as was provided in Hale's first application. Also, appellants fail to acknowledge the significance of the fact that, after the Commission denied Hale's original application, the Commission promulgated a new Regulation 5 which formally specifies the *siting* and *separation* requirements with which an applicant must comply in order to obtain a permit for a liquid animal-waste-management system. That regulation's expressed purpose is intended to protect

water quality and the public health and to abate odor. Among other requirements, an applicant's facility must have a waste-management plan and a site-management plan for each land application site prepared by either a professional engineer registered in the State, the USDA Soil Conservation Service, or a water quality technician of the water conservation district approved by the Department.

The Commission further listed other significant differences it and its administrative hearing officer considered when deciding to grant Hale a permit for his nursery-pig farm after denying him one for an adult-hog operation. Those primary differences are as follows:

(1) The total amount of nitrogen generated by the [second application] is approximately 34,000 pounds per year as opposed to [Hale's first] proposal of 96,579 pounds per year.

(2) The problem of the sedimentation and holding basins being constructed in a moderately permeable soil horizon has been addressed in [Hale's second application] by construction of a clay cutoff trench down gradient of the basins.

(3) Land application of the waste during those times when the soil is saturated is specifically not allowed. If properly operated, adequate storage is available to hold the waste during those times.

In determining whether *res judicata* applies in a situation where it is doubtful if a second action is for the same cause of action as the first, our court, in *Thornbrough, Commr. v. Barnhart*, 232 Ark. 862, 340 S.W.2d 569 (1960), quoting from *Chiotte v. Chiotte*, 225 Ark. 101, 279 S.W.2d 296 (1955), stated the following and controlling rule: "[T]he test generally applied is to consider the identity of facts essential to their maintenance, or whether the same evidence would sustain both . . . . If, however, the two actions rest upon different set of facts . . . a judgment in one is no bar to the maintenance of the other." Here, the Commission found that Hale's two applications were not based on the same nucleus of facts, and from the evidence and facts recited by the Commissioner as reviewed hereinabove, we cannot say that evidence was insubstantial or that the Commission abused its discretion in so finding.

In conclusion, we mention appellants' passing argument that Hale's application essentially means the new "nursery-pig" farm will not protect the water in the surrounding area, but will only reduce such pollution. Of course, the instant case concerns only the issue of the applicability of *res judicata*, and does not deal with whether Hale's permit will, contrary to the laws protecting water quality, pollute the soil and water surrounding Hale's farm. Obviously, that is a question the Department of Pollution Control & Ecology must address if it later becomes an issue. Concerning the issue now before us, we affirm the Commission's decision that *res judicata* is not a bar to Hale's second application, and that the Department appropriately granted his permit.