2013 Ark. App. 222

**Andrew H. BEAVERS, Appellant**

v.

**ARKANSAS BOARD OF EXAMINERS
IN COUNSELING, Appellee.**

No. CA 12–732.

Court of Appeals of Arkansas.

April 10, 2013.

Hewett haw Firm, by: Marceliers Hewett, Little Rock, for appellant.

Dustin McDaniel, Att'y Gen., by: Amanda Gibson, Ass't Att'y Gen., for appellee.

ROBERT J. GLADWIN, Chief Judge.

The Arkansas Board of Examiners in Counseling (Board) denied Andrew H. Beavers's request for a waiver of the statutory provision denying eligibility for licensure to those persons who have committed certain felonies. *See* Ark.Code Ann. § 17–27–313(e) (Supp.2011). Beavers appealed to the Pulaski County Circuit Court, which denied Beavers's petition for judicial review and affirmed the Board's determination by order filed May 15, 2012. On appeal to this court, Beavers argues that the Board's denial was not based on substantial evidence; was illegal, arbitrary, and unconstitutional; and was in violation of two statutory provisions—Arkansas Code Annotated sections 17–1–103 (Repl.2010) and 17–27–313(g). We affirm.

## I. *Statement of Facts*

Beavers received his law degree in 1988, worked as a public defender in Little Rock in 1989, served in the Arkansas National

Guard and was deployed to the Persian Gulf in 1990, and eventually worked at the Arkansas Highway Department. In 1995, Beavers was convicted in a Texas federal court of conspiracy to distribute drugs. He admits to being addicted to cocaine at the time that he had planned to import cocaine from south Texas to Chicago. Based on this conviction, he was sentenced to sixty-nine months in federal prison, which was to be followed by three years of supervised release. Beavers surrendered his law license in Arkansas. This supervision was extended due to a violation of the conditions of his supervised release, and Beavers completed his supervision on September 8, 2004. At the time of the crime, Beavers was thirty-seven years old. He is now age fifty-four and claims to be fully rehabilitated. The length of time since the felony conviction has been approximately seventeen years, and Beavers does not deny the circumstances surrounding his felony conviction.

Since his release from prison, Beavers's work history has focused on his rehabilitation. He has been a substance-abuse counselor since November 10, 1998, and in 1998 he worked as a full-time counselor-in-training at Hoover United Methodist Church in Little Rock.

In January 2004, Beavers began working in the mental-health field at Living Hope Institute, St. Vincent Infirmary, in Little Rock. From 2003 through 2005, Beavers studied at the University of Arkansas at Pine Bluff and earned a Masters of Addiction Science. From 2008 through 2009, Beavers studied at Mercer University Counseling Center in Atlanta, Georgia, and earned a Masters of Community Counseling. During the period from 2007 through 2009, Beavers assisted Dr. Eugene Herrington at the Morehouse School of Medicine in Atlanta, Georgia, as a research assistant.

Beavers has worked for Jackson–Hewitt Tax Service from 2001 through 2009 as a seasonal employee, both in Little Rock, Arkansas, and Gwinnett County, Georgia. Beavers has been certified as an alcohol-and-drug counselor for twelve years and licensed for three years in the state of Arkansas. He has been employed for three years by the state of Arkansas at the Department of Community Correction.

When Beavers applied to the Board to be a Licensed Associate Counselor (LAC), the Board denied his request based on his criminal record. The Board is charged with licensing and regulating Licensed Professional Counselors and Licensed Marriage and Family Counselors. Beavers sought a waiver under Arkansas Code Annotated section 17–27–313 for his felony conviction, and the Board denied the waiver. Beavers then petitioned the circuit court for judicial review, where the Board's decision was affirmed. This appeal timely followed.

## II. *Standard of Review*

Judicial review of decisions of the Board is governed by the Arkansas Administrative Procedure Act (APA) pursuant to Arkansas Code Annotated section 25–15–212 (Repl.1996). *See Ark. Bd. of Exam'rs in Counseling v. Carlson*, 334 Ark. 614, 976 S.W.2d 934 (1998); *Bohannon v. Ark. State Bd. of Nursing*, 320 Ark. 169, 895 S.W.2d 923 (1995). Our review, like that of the circuit court, is limited in scope and is directed not to the decision of the circuit court, but to the decision of the administrative agency. *Ark. Dep't of Human Servs. v. Thompson*, 331 Ark. 181, 959 S.W.2d 46 (1998). Under the APA, it is not the role of the circuit courts or the appellate courts to conduct a de novo review of the record; rather, review is limited to ascertaining whether there is substantial evidence to support the agency's

decision or whether the agency's decision runs afoul of one of the other criteria set out in section 25–15–212(h). *Id.* Those criteria are whether the petitioner has been prejudiced because the administrative findings, inferences, conclusions, or decisions are:

    (1) In violation of constitutional or statutory provisions;

    (2) In excess of the agency's statutory authority;

    (3) Made upon unlawful procedure;

    (4) Affected by other error or law;

    (5) Not supported by substantial evidence of record; or

    (6) Arbitrary, capricious, or characterized by abuse of discretion.

Ark.Code Ann. § 25–15–212(h)(1)–(6). We review the entire record in making this determination. *Ark. Alcoholic Beverage Control Bd. v. Muncrief,* 308 Ark. 373, 825 S.W.2d 816 (1992).

■ We will not reverse the Board's decision if there is substantial evidence to support it. *Bohannon, supra.* Substantial evidence is evidence that is valid, legal, and persuasive and that a reasonable mind might accept to support a conclusion and force the mind to pass beyond speculation and conjecture. *Id.* The question is not whether the testimony would have supported a contrary finding, but whether it would support the finding that was made. *Id.* It is the prerogative of the Board to believe or disbelieve any witness and to decide what weight to accord the evidence. *Id.* Similarly, the construction of a state statute by an administrative board or agency will not be overturned unless it is clearly wrong. *Thomas v. Ark. Dep't of Human Servs.,* 319 Ark. 782, 894 S.W.2d 584 (1995). Our supreme court has often stated that administrative agencies are better equipped than courts, by specialization, insight through experience, and more flexible procedures to determine and analyze underlying legal issues affecting their agencies, and this recognition accounts for the limited scope of judicial review of an administrative action and the refusal of the court to substitute its judgment and discretion for that of the administrative agency. *See, e.g., Hamilton v. Ark. Pollution Control & Ecology Comm'n,* 333 Ark. 370, 969 S.W.2d 653 (1998); *Soc. Work Licensing Bd. v. Moncebaiz,* 332 Ark. 67, 962 S.W.2d 797 (1998); *Wright v. Ark. State Plant Bd.,* 311 Ark. 125, 842 S.W.2d 42 (1992).

### III. *Arkansas Code Annotated section 17–1–103*

■ Appellant first argues that the Board's denial of his request for a waiver is in direct conflict with Arkansas Code Annotated section 17–1–103, which provides in part that

(a)(1) It is the policy of the State of Arkansas to encourage and contribute to the rehabilitation of criminal offenders and to assist them in the assumption of the responsibilities of citizenship.

(2) The public is best protected when offenders are given the opportunity to secure employment or to engage in a meaningful trade, occupation, or profession.

(b)(1)(A) Subject to the provisions of subdivision (b)(2) of this section in determining eligibility under this section, a board, commission, department, or an agency may take into consideration conviction of certain crimes that have not been annulled, expunged, or pardoned.

(B) However, such convictions shall not operate as an automatic bar to registration, certification, or licensing for any trade, profession, or occupation.

  . . . .

(c) The board, commission, department, or agency shall state explicitly in writing

the reasons for a decision that prohibits the applicant from practicing the trade, occupation, or profession if the decision is based, in whole or in part, on conviction of a felony.

(d) For the purposes of this section, completion of the following shall be deemed prima facie evidence of sufficient rehabilitation:

(1) Probation or parole supervision; and

(2) A period of five (5) years after final discharge or release from any term of imprisonment in the state penitentiary without any subsequent conviction.

Ark.Code Ann. § 17–1–103(a)–(b)(1)(B), (c)-(d)(2).

Beavers contends that the evidence established that he was convicted of a felony in 1995, served four years in prison, and after being released, served three years on supervised release, and completed his supervised release in 2004. Thus, he meets the criteria of section 17–1–103(d), establishing a prima facie case for rehabilitation. This is supported by his obtaining two masters degrees that deal with counseling. He also claims that the Board failed to explicitly state in writing the reason for its decision, which is required under section 17–1–103(c).

While section 17–1–103 encourages rehabilitation in general, the Arkansas Supreme Court has already held that this general statute does not confer a right upon a rehabilitated offender to a particular trade or license. *See Bolden v. Watt*, 290 Ark. 343, 719 S.W.2d 428 (1986). The stated reason for the Board's denial was that Beavers failed to assure the Board that allowing him to become licensed was consistent with the public interest and the protection of potential clients. Because it is the prerogative of the Board to believe or disbelieve any witness and to decide what weight to accord the evidence, the Board was justified in not finding Beavers's testimony to be credible. *McQuay v. Ark. State Bd. of Architects*, 337 Ark. 339, 989 S.W.2d 499 (1999).

### IV. *Substantial Evidence*

Appellant contends that the Board's decision is not supported by substantial evidence. He argues that the Board's statement—"The applicant has not been able to assure the Board that waiving the disqualifying felony conviction would be consistent with the public interest and the protection of potential clients"—is not supported by any evidence except that he had been convicted of a felony sixteen years earlier. He argues that pursuant to Arkansas Code Annotated section 17–27–313(g)(2), circumstances for which a waiver may be granted shall include, but not be limited to, the following:

(A) The age at which the crime was committed;

(B) The circumstances surrounding the crime;

(C) The length of time since the crime;

(D) Subsequent work history;

(E) Employment references;

(F) Character references; and

(G) Other evidence demonstrating that the applicant does not pose a threat to the health or safety of children.

Beavers argues that these factors should have been addressed in the order.

The evidence before the Board was Beavers's testimony that, before he went to law school and was a junior-high-school teacher, he had "pretty much" stopped smoking pot but "probably drank a little too much." The Board heard and considered the evidence that, since he was released from prison, Beavers earned two degrees and holds licenses in Arkansas and Georgia. It also heard his testimony

regarding how he had rehabilitated himself or "changed his activity." The Board has discretion to either waive a prior felony conviction or not. Here, the Board decided not to waive it. At the time of the crime, appellant was thirty-seven years old, no longer a child but an adult who had been a licensed attorney for seven years and who had taken an oath to uphold the law and to act in an ethical manner. He admitted that he had violated the law while he was an attorney. He also explained the circumstances of his probation violation when he failed to inform his probation officer that he was running a transportation business, whereby he transported children and then billed the Department of Human Services. Because of the probation violation, Beavers's probation was extended one year. In sum, the Board found that Beavers's testimony that there would be no future aberrations in his behavior was not credible, and there was substantial evidence to support the finding that the prior felony conviction should not be waived to allow Beavers to offer counseling.

### V. Arkansas Code Annotated Section 11-21-313(g)

■ Beavers argues that the Board's denial was in direct conflict with section 17-27-313(g) because the Board failed to consider his evidence of rehabilitation or the factors listed under the statute, such as age, circumstances, work history, and the like. Ark.Code Ann. § 17-27-313(g)(2)(A)(G). He relies on the evidence as set forth in the facts above and contends that the Board failed to consider his rehabilitative efforts, instead relying solely on his 1995 conviction.

The Board's denial does not conflict with section 17-27-313(g) because the statute gives the Board discretion. Ark.Code Ann. § 17-27-313(g)(1) (A prior felony

conviction *may* be waived.). Therefore, the fact that Beavers believes he has been rehabilitated does not give him an absolute right to obtain a license to practice counseling in Arkansas. *See Bolden, supra.*

### VI. Constitutionality

■ Beavers claims that the Board's denial was illegal, arbitrary, and unconstitutional. Under Arkansas Code Annotated section 17-27-308(a), the Board may waive formal examination requirements of a candidate who is licensed or certified to practice counseling or marriage and family therapy by a similar board in another state if, in the opinion of the Board, the standards and qualifications required in the candidate's licensing state are at least equal to those required in Arkansas. Beavers contends that it was an abuse of discretion to deny him a waiver using a standard that he was not able to assure the Board that waiving the disqualifying felony conviction would be consistent with the public interest and the protection of potential clients.

He argues that the Composite Board of Georgia, which licenses professional counselors in that state, requires unanimous approval for a waiver. It involves a thorough investigation of any felony committed by an applicant. The Georgia Board's requirements for a professional license in counseling are the same requirements of the Arkansas Board. Appellant is licensed in the state of Georgia. He is also a National Certified Counselor, having passed a national counselor's examination, which is required in all fifty states. Further, he is a licensed alcohol-and-drug abuse counselor by the authority of the state of Arkansas. Ark.Code Ann. § 17-27-408.

Therefore, Beavers claims that the Board abused its discretion in denying a waiver to him because it failed to consider

reciprocity after knowing he was licensed in Georgia. The Board stated that a waiver would be inconsistent with the public interest and the protection ⌊₁₀of potential clients. However, both Georgia and Arkansas have issued him professional licenses to him using the same language—"what would be consistent with the public interest and the protection of potential clients."

The argument that his rights were violated by the Board's denial because three other licensing bodies have granted him licensure is without merit. Because the Board's decision to deny his request to waive his prior felony conviction is supported by substantial evidence, the decision cannot be classified as arbitrary and capricious. *Olsten Health Servs., Inc. v. Ark. Health Servs. Comm'n,* 69 Ark.App. 313, 12 S.W.3d 656 (2000).

Affirmed.

HARRISON and WHITEAKER, JJ., agree.